JUDGE McMAHON



LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MARY WEST, on behalf of herself and
all others similarly situated,

      Plaintiff,

           -against-

RITE AID CORPORATION,

      Defendant,

---

Case No.:

**CLASS ACTION COMPLAINT**

Plaintiff, MARY WEST (hereinafter, "Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorney, hereby files this Class Action Complaint against Defendant, RITE AID CORPORATION, and states as follows:

## **INTRODUCTION**

1.   This class action seeks to put an end to systemic civil rights violations committed by Defendant RITE AID CORPORATION (hereafter "Rite Aid"), against the blind in New York State and across the United States. Rite Aid is a national corporation that owns and operates a chain of drug stores (hereinafter "Rite Aid Pharmacies") throughout the United States. This proposed class action alleges that Rite Aid has violated state and federal laws and regulations by pursuing discriminatory policies or practices that result in unlawful point-of-sale devices

(hereinafter "POS Devices") which deny blind individuals equal access to the goods and services at Rite Aid Pharmacies.

2.  Plaintiff is a blind individual. She brings this civil rights class action against Defendant for failing to design, construct, and/or own or operate POS Devices[1] that are fully accessible to, and independently usable by, blind people.

3.  Specifically, the POS Devices in Rite Aid Pharmacies in New York State and throughout the United States are not fully accessible to, and independently usable by, blind people. Instead, the POS Devices use an exclusively visual, touch screen interfaces with features that are not discernible to individuals who are blind or visually impaired.

4.  To make a debit card purchase using Rite Aid's POS Devices, a customer must enter their Personal Identification Number ("PIN"). However, because a blind or visually impaired individual cannot discern the numerical references displayed on the keypad of the POS Device, and there are no tactile buttons, such individual does not have the ability to independently make a debit purchase. Instead, the blind or visually impaired consumer must divulge their PIN number to a stores associate or third party in order to complete a debit transaction.

5.  Plaintiff uses the terms "blind person" or "blind people" and "the blind" to refer to all persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision. Others have no vision.

6.  Approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind.[2] There are approximately 400,000 visually impaired

---

[1] By "POS Device", Plaintiff refers to the electronic device used by a customer at the point of purchase that allows the customer to pay for items with a debit, credit, or other electronic funds card.
[2] Americans with Disabilities: 2010 Report, U.S. Census Bureau Reports

persons in New York State.[3]

7.   Blind people, with the assistance of a walking stick or a guide dog, can independently enter stores and make purchases just as sighted people do. The lack of accessible POS Devices means that blind people are prevented from making purchases with a debit card privately, as they must divulge their PIN.

8.   Despite readily available accessible, POS devices with tactilely discernible keypad surfaces which are independently usable by a blind or visually impaired individual, and are in fact already implemented by a substantial percentage of retail merchants, Rite Aid has chosen to exclusively install inaccessible, touch screen only POS Devices. Rite Aid's sighted customers can discern the features on the touch screen POS Device and complete a purchase with a debit card without the assistance of others. However, blind people must divulge their PIN and rely on the sighted store associate or third party to complete any debit card purchase at Rite Aid Pharmacies.

9.   Defendant's use of flat touch screen POS Devices discriminates against blind and visually impaired consumers and is violating basic equal access requirements under both state and federal law.

10. Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by public accommodations that are inaccessible to blind and visually impaired persons. Similarly, New York state law requires places of public accommodation to ensure access to goods, services and facilities by making reasonable accommodations for persons with disabilities.

---

[3] American Foundation for the Blind, State-Specific Statistical Information, January 2015

11. Defendant violated statutes enacted in each of the thirty states and the District of Columbia (hereafter, "Rite Aid States") that are designed to protect disabled persons, including blind persons, against unlawful discriminatory practices.  These statutes are:

i.    Alabama Handicapped Persons Act, Ala. Statues Ann. §§ 21-7-3, *et seq.*;
ii.   California Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.*, and California Disabled Persons Act, Cal. Civ. Code § 54, *et seq.*;
iii.  Colorado Anti-Discrimination Act, Colo. Rev. Stat. § 24-34-601, *et seq.*;
iv.   Delaware Equal Accommodations Law, 6 Del. Code § 4504, *et seq.*;
v.    District of Columbia Human Rights Law, D.C. Code § 2-1402.31, *et seq.*;
vi.   Georgia Handicapped Persons Act, § 30-4-2 *et seq.*;
vii.  Idaho Human Rights Law, Idaho Code § 67-5909, *et seq.*;
viii. Indiana Civil Rights Law, Indiana Code Ann. §§ 22-9-1-2, *et seq.*;
ix.   Kentucky Civil Rights Act, Ky. Rev. Stat. Ann. §§ 344.120, *et seq.*;
x.    Louisiana Commission on Human Rights, La. Rev. Stat. Ann. § § 51:2247, *et seq.*;
xi.   Maine Human Rights Act, 5 Me. Rev. Stat. § 4592, *et seq.*;
xii.  Maryland Commission on Civil Rights, Md. Com. Law Code § 20-304, *et seq.*;
xiii. Massachusetts Public Accommodation Law, Mass. Gen. Laws c. 272, ch. 98, *et seq.*;
xiv.  Michigan Persons with Disabilities Civil Rights Act, § § 37.2302, *et seq.*;
xv.   Mississippi Public Welfare Code, Miss. Code Ann. §§ 43-6-1, *et seq.*;
xvi.  Nevada Public Accommodations Law, Nev. Rev. Stat. §§ 651.070, *et seq.*;
xvii. New Hampshire Law Against Discrimination, N.H. Rev. Stat. § 354-A:17, *et seq.*;
xviii. New Jersey Law Against Discrimination, N.J. Stat. Ann. §§ 10:1-12, *et seq.*;
xix.  New York State Human Rights Law, N.Y. Exec. Law, Art. 15, Exec. Law § 296, *et seq.*, and New York State Administrative Code § 8-101 *et seq.*;
xx.   North Carolina Persons with Disabilities Protection Act, North Carolina General Statutes §§ 168A-1, *et seq.*;
xxi.  Ohio Civil Rights Commission, Ohio Rev. Code. Ann. §§ 4112.021. *et seq.*;
xxii. Oregon Equality Act, Rev. Stat § 659A.403, *et seq.*;
xxiii. Pennsylvania Human Relations Act, 43 Penn. Stat. Ann. § § 955, *et seq.*;
xxiv. Rhode Island Civil Rights of People with Disabilities Act, R.I. Gen. Laws § 42-87.1-3, *et seq.*;
xxv.  South Carolina Bill of Rights for Handicapped Persons, S.C. Code Laws § 43-33-510, *et seq.*;
xxvi. Tennessee Human Rights Act, Tennessee Code Annotated §§ 4-21-102, *et seq.*;
xxvii. Utah Civil Rights Act, Utah Code Ann. §§ 13-7-3, *et seq.*;
xxviii. Vermont Anti-Discrimination Law, Vt. Stat. Ann. tit.9, § 4502, *et seq.*;
xxix. Virginia Human Rights Act, Virginia Code Ann. §§ 2.2-3901, *et seq.*;
xxx.  Washington Law Against Discrimination, Wash. Rev, Code § 49.60.030, *et seq.*;
xxxi. West Virginia Human Rights Act, West Virginia Code § 5-11-2, *et seq.*;

12. Plaintiff intends to continue to be a customer of Rite Aid Pharmacies, and desires to make future payments by debit card. However, unless Defendant is required to install ADA compliant POS Devices, Plaintiff and Class members will continue to be unable to

independently make payments for any purchases by debit card.

13. This complaint seeks declaratory and injunctive relief to correct Rite Aid's policies and practices to include measures necessary to ensure compliance with federal and state law and to include monitoring of such measures, to update or remove unlawful POS Devices so that Plaintiff and the proposed Class and Subclass of customers who are blind will be able to independently and privately make purchases using a debit card. This complaint also seeks minimum statutory damages to compensate Class and Subclass members for having been subjected to unlawful discrimination.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction of this action pursuant to:

    a. 28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, ("ADA"); and

    b. 28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C § 1332(d)(1)(B), in which a member of the putative class is a citizen of a different state than Defendants, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. See 28 U.S.C. § 1332(d)(2).

15. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims under the New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law § 290 *et seq.*) and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101 *et seq.* ("City law").

16. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§

1391(b)(2), in that a substantial part of the events and omissions giving rise to the claims occurred in this judicial district.

## PARTIES

17. Plaintiff, MARY WEST, is and has been at all times material hereto a resident of New York County, New York.

18. Plaintiff MARY WEST, is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*, the New York State Human Rights Law and City Law. Plaintiff has no light perception and is completely blind. Plaintiff has patronized Rite Aid Pharmacies in the past and intends to continue to patronize those drug stores in the future. Specifically, Plaintiff made numerous purchases at various Rite Aid Pharmacies in New York City, New York, in the last twelve months. Plaintiff was unable to see the flat touch screen commands and, therefore, was unable to independently complete her purchases with a debit card. As she wanted to keep her PIN information private, Plaintiff had to completely her purchases via a credit card or cash.

19. Defendant RITE AID CORPORATION is an American multinational for-profit corporation organized under the laws of Delaware, with a principal executive office at 30 HUNTER LANE, CAMP HILL, PENNSYLVANIA. Rite Aid owns and operates drug stores and pharmacies, which are places of public accommodations. There are currently approximately 4,600 Rite Aid Pharmacies in the United States, including 66 locations in New York State. These drug stores provide to the public important goods, such as everyday essentials and medicine. In all of its locations, Rite Aid provides exclusively visual POS Devices for customers to complete their purchases.

20. Plaintiff, on behalf of herself and others similarly situated seeks full and equal access to the accommodations, advantages, facilities, privileges and services provided by Rite Aid's drug stores throughout New York State and the United States.

## CLASS ACTION ALLEGATIONS

21. Plaintiff, on behalf of herself and all others similarly situated, seeks certification of the following nationwide class pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: "all legally blind individuals in the United States who have attempted, or will attempt, to make a debit purchase with Rite Aid's POS Devices at its drug stores throughout the United States, during the relevant statutory period."

22. Plaintiff seeks certification of the following New York subclass pursuant to Fed.R.Civ.P. 23(a), 23(b)(2), and, alternatively, 23(b)(3): "all legally blind individuals in the United States who have attempted, or will attempt, to make a debit purchase with Rite Aid's POS Devices at its drug stores throughout the New York State, during the relevant statutory period."

23. There are hundreds of thousands of visually impaired persons in New York State. There are approximately 8.1 million people in the United States who are visually impaired. *Id.* Thus, the persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

24. This case arises out of Defendant's common policy and practice of implementing flat touchscreen POS devices denying blind persons access to the goods and services of Rite Aid Pharmacies since all such POS Devices are inaccessible to blind persons. Due to Defendant's policy and practice of failing to remove access barriers, blind persons have been and are being denied full and equal access to privately make debit purchases in Rite Aid Pharmacies.

25. There are common questions of law and fact common to the class, including without limitation, the following:

    a. Whether Rite Aid Pharmacies are "public accommodations" under the ADA;

    b. Whether Rite Aid Pharmacies are "places or providers of public accommodation" under the laws of the Rite Aid States;

    c. Whether Defendant Rite Aid in its Rite Aid Pharmacies denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities due to the lack of accessible features with their POS Devices in violation of the ADA; and

    d. Whether Defendant Rite Aid in its Rite Aid Pharmacies denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities due to the lack of accessible features with their POS Devices in violation of the laws of the Rite Aid States.

26. The claims of the named Plaintiff are typical of those of the class. The class, similarly to the Plaintiff, are severely visually impaired or otherwise blind, and claim that Rite Aid has violated the ADA, and/or the laws of the Rite Aid States by failing to provide POS Devices which are independently accessible to the class of people who are legally blind.

27. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the members of the class. Class certification of the claims is appropriate pursuant to Fed. R. Civ P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to

the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

28. Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members clearly predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

29. Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

30. References to Plaintiff shall be deemed to include the named Plaintiff and each member of the class, unless otherwise indicated.

## FACTUAL ALLEGATIONS

31. Rite Aid exercises control over the development, design, remodel, alteration, maintenance, and operation of the Rite Aid Pharmacies pertaining to the choice and installation of the POS Devices at issue.

32. Rite Aid's POS Devices located in its drug stores in each of the Rite Aid States are not fully accessible to, and independently usable by, blind and visually impaired individuals.

33. Rite Aid does not provide any auxiliary aids, tactile keypads, or other services calculated to make its POS Devices fully accessible to, and independently usable by, blind and visually impaired individuals.

34. As a result of Defendant's violations of state and federal law, Plaintiff and the Class, and other similarly situated blind individuals cannot independently make a debit purchase at Defendant's drug stores unlike sighted people.

35. Defendant's non-compliance threatens blind people with the loss of their private banking information. Blind and visually impaired people who wish to make a debit purchase at Defendant's stores have no choice but to reveal their private PINs to others to complete the debit purchase.

36. Though Defendant has centralized policies regarding the management and operation of its POS Devices, Defendant has never had a plan or policy that is reasonably calculated to make its POS Devices fully accessible to, and independently usable by, blind and visually impaired people.

37. Sighted customers are able to independently complete a debit purchase using Rite Aid's POS Devices.

38. In contrast, blind customers must divulge sensitive, private information to companions, strangers, or other third parties in order to complete a debit purchase.

39. Accessible POS Devices exist, and is already in use by a substantial number of retailers. Accessible POS Devices may include a tactile keyboard, an audio interface system, and/or interactive screen reader technology for use with touch screens.

40. Defendant Rite Aid has long been aware of the existence of POS Devices which are accessible and independently usable by blind and visually impaired individuals. Nevertheless, Rite Aid has chosen to employ the inaccessible flat touch screen POS Devices in its drug stores, and not provide even one accessible POS Device.

41. Defendant Rite Aid thus provide accommodations, advantages, facilities, privileges, and services to customers that contain access barriers. By not removing these barriers to provide accessible POS Devices to blind customers, Rite Aid has denied full and equal access to Plaintiff and similarly situated blind customers, who would otherwise be able to independently make a debit purchase.

42. Plaintiff WEST has made numerous attempts to complete purchases at Rite Aid Pharmacies with a debit card within the last twelve months but was unable to do so independently, because, at all times of her visits, Rite Aid's POS Devices were not fully accessible to, and independently usable by, blind people and visually impaired individuals.

43. As described above, Plaintiff has actual knowledge of the fact that Defendant's POS Devices lack the elements required to make them fully accessible to, and independently usable by, blind and visually impaired people.

44. These barriers to access have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits and services of POS Devices. Furthermore, having to reveal her private PIN to a third party or otherwise be unable to complete a debit purchase has been frustrating and injurious to Plaintiff's dignity and privacy.

45. Rite Aid has engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

    a.   implementing and maintaining services that discriminate against members of the putative class and subclasses with knowledge of such discrimination; and/or

    b.   implementing and maintaining services that are sufficiently intuitive and/or obvious as to constitute intentional conduct; and/or

c.    failing to act in the face of the substantial likelihood of harm to class and subclass members' rights protected under federal and state law.

46. Rite Aid utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

## FIRST CAUSE OF ACTION

(Violation of 42 U.S.C. § 12181, *et seq.* — Title III of the Americans with Disabilities Act)
(on behalf of Plaintiff and the Class)

47. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

48. Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182(a), provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I).

49. Rite Aid Pharmacies located in New York State and throughout the United States are places of public accommodation. 42 U.S.C. § 12181(7)(F). POS Devices are a service, privilege, facility, accommodation or advantage of these pharmacies.

50. Defendant is subject to Title III of the ADA because it owns and operates the Rite Aid Pharmacies.

51. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I) it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages,

or accommodations of an entity.

52. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

53. Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

54. In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

55. There is readily available accessible technology, such as accessible POS Devices already in use in a substantial number of retail stores, which use of tactile controls and/or auxiliary aids, which can be integrated into POS Devices to make them independently accessible to blind people. Providing the auxiliary aids and services mandated by the ADA would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to

Defendant.

56. The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* and the regulations promulgated thereunder. Customers of Rite Aid Pharmacies who are blind have been denied full and equal access to such pharmacies, places of public accommodation, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

57. Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

58. As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Rite Aid Pharmacies in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.* and/or its implementing regulations.

59. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the proposed class and subclass will continue to suffer irreparable harm.

60. The actions of Defendant was and is in violation of the ADA and therefore Plaintiff invokes her statutory right to injunctive relief to remedy the discrimination.

61. Plaintiff is also entitled to reasonable attorneys' fees and costs.

62. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

**SECOND CAUSE OF ACTION**

(Violation of New York State Human Rights Law, N.Y. Exec. Law,
Article 15 (Executive Law § 292 *et seq.*)
(on behalf of Plaintiff and New York subclass)

63. Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

64. N.Y. Exec. Law § 296(2)(a) provides that it is "an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation … because of the … disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

65. Rite Aid Pharmacies are places of public accommodation. N.Y. Exec. Law § 292(9). POS Devices are a service, privilege, facility, accommodation or advantage of these pharmacies.

66. Defendant is subject to New York Human Rights Law because it owns and operates the Rite Aid Pharmacies. Defendant is a person within the meaning of N.Y. Exec. Law § 292(1).

67. Defendant is violating N.Y. Exec. Law § 296(2)(a) in providing POS Devices that are completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods and services that Defendant makes available to the non-disabled public.

68. Specifically, under N.Y. Exec. Law § 296(2)(c)(I), unlawful discriminatory practice includes, among other things, "a refusal to make reasonable modifications in

policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations."

69. In addition, under N.Y. Exec. Law § 296(2)(c)(II), unlawful discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden."

70. There is readily available accessible technology, such as accessible POS Devices already in use in a substantial number of retail stores, which use of tactile controls and/or auxiliary aids, which can be integrated into POS Devices to make them independently accessible to blind people. Providing the auxiliary aids and services mandated by the New York State Human Rights Law would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

71. Defendant's actions constitute willful intentional discrimination against the class on the basis of a disability in violation of the New York State Human Rights Law, N.Y. Exc. Law § 296(2) in that Defendant is:

    a.  implementing and maintaining inaccessible POS Devices that discriminate against blind persons with knowledge that of the discrimination; and/or

    b.  implementing and maintaining inaccessible POS Devices that are sufficiently intuitive and/or obvious as to constitute intentional discriminatory conduct against blind

persons; and/or

 c. failing to act in the face of substantial harm to blind persons.

 72. Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

 73. As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Rite Aid Pharmacies under § 296(2) *et seq.* and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the subclass will continue to suffer irreparable harm.

 74. The actions of Defendant was and is in violation of New York State Human Rights Law and therefore Plaintiff invokes her right to injunctive relief to remedy the discrimination.

 75. Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines pursuant to N.Y. Exc. Law § 297(4)(c) *et seq.* for each and every offense.

 76. Plaintiff is also entitled to reasonable attorneys' fees and costs.

 77. Pursuant to N.Y. Exec. Law § 297 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

**THIRD CAUSE OF ACTION**

(Violation of New York City Human Rights Law,
N.Y.C. Administrative Code § 8-102, *et seq.*)
(on behalf of Plaintiff and New York subclass)

 78. Plaintiff realleges and incorporates by reference the allegations foregoing allegations as if set forth fully herein.

 79. N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful

discriminatory practice for any person, being the owner, lessee, proprietor,  manager, superintendent, agent or employee of any place or provider of public accommodation, because of ... disability ... directly or indirectly, to refuse, withhold from or deny to such person, any of the accommodations, advantages, facilities or privileges thereof."

80. Rite Aid Pharmacies are places of public accommodations. N.Y.C. Administrative Code § 8-102(9). POS Devices are a service, privilege, facility, accommodation or advantage of these pharmacies.

81. Defendant is subject to City Law because it owns and operates the Rite Aid Pharmacies. Defendant is a person within the meaning of N.Y.C. Administrative Code § 8-102(1).

82. Defendant is violating N.Y.C. Administrative Code § 8-107(4)(a) in providing POS Devices that are completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods, and services that Defendant makes available to the non-disabled public. Specifically, Defendant is required to "make reasonable accommodation to the needs of persons with disabilities ... any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to ... enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Administrative Code § 8-107(15)(a).

83.  Defendant's actions constitute willful intentional discrimination against the class on the basis of a disability in violation of the N.Y.C. Administrative Code § 8-107(4)(a) and § 8-107(15)(a) in that Defendant is:

   a.  implementing and maintaining inaccessible POS Devices that discriminate against

blind persons with knowledge that of the discrimination; and/or

b.   implementing and maintaining inaccessible POS Devices that are sufficiently intuitive and/or obvious as to constitute intentional discriminatory conduct against blind persons; and/or

c.   failing to act in the face of substantial harm to blind persons.

84. Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

85. As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Rite Aid Pharmacies under § 8-107(4)(a) and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the subclass will continue to suffer irreparable harm.

86. The actions of Defendant was and is in violation of City law and therefore Plaintiff invokes her right to injunctive relief to remedy the discrimination.

87. Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense.

88. Plaintiff is also entitled to reasonable attorneys' fees and costs.

89. Pursuant to N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION

(Declaratory Relief)
(on behalf of Plaintiff and the Class)

90. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

91. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, by providing inaccessible POS Devices at Rite Aid Pharmacies in New York State and Rite Aid States, which Rite Aid, owns, operates and/or controls, fails to comply with applicable laws including, but not limited to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, N.Y. Exec. Law § 296, *et seq.,* and N.Y.C. Administrative Code § 8-107, *et seq.* prohibiting discrimination against the blind.

92. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests relief as follows:

93. A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of the Rite Aid States as referenced in paragraph 11;

94. A preliminary and permanent injunction requiring Defendant to take all the steps necessary to bring its POS Devices provided at Rite Aid Pharmacies in Rite Aid States into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that

the POS Devices readily accessible to and independently usable by blind individuals;

95. A declaration that Rite Aid is owning and operating POS Devices in a manner which discriminates against the blind and which fails to provide independent access for persons with disabilities as required by the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.,* and the laws of the Rite Aid States as referenced in paragraph 11;

96. An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and her attorneys as Class Counsel;

97. Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff and the proposed subclass for violations of their civil rights under New York State Human Rights Law and City Law;

98. Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

99. For pre and post-judgment interest to the extent permitted by law; and

100. Such other and further relief as the Court deems just and proper.


DATED: April 14, 2015

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181


By: _____
C.K. Lee, Esq.